UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 26-CR-68** |
| **v.** | : | |
| | : | |
| **DELECIA LYONS,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States, by and through the undersigned counsel, respectfully submits this Memorandum in Aid of Sentencing with respect to defendant Delecia Lyons.

Over the course of more than three years, Lyons laundered more than $2.3 million that she knew was derived from criminal activity and retained approximately $250,000 for her own personal benefit. This was not an isolated lapse in judgment or a single poor decision. Rather, it was a sustained course of criminal conduct undertaken repeatedly over an extended period and for substantial personal gain. The Court should impose a sentence that accurately reflects the seriousness of the offense and advances the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Accordingly, the Government respectfully recommends a sentence within the applicable U.S. Sentencing Guidelines range.

## I. Defendant's Fraudulent Conduct

The funds that Ms. Lyons laundered were proceeds of a fraud scheme targeting healthcare professionals in Massachusetts. The perpetrators of that scheme used victims' personal identifying information to open fraudulent bank accounts in the victims' names and divert funds into those accounts. Checks for tens of thousands of dollars were then drawn on the accounts and made payable to Lyons, often bearing the notation "mortgage payment."

As set forth in the Revised Statement of Offense, which Ms. Lyons endorsed, Lyons

received and deposited these checks despite knowing that she was not receiving legitimate mortgage payments from anyone. She then transmitted funds, cryptocurrency, and goods, including iPhones, to individuals and destinations identified by others. Over the course of the scheme, Ms. Lyons received approximately $2.3 million in criminal proceeds and retained roughly $250,000 for her own use. Given her personal financial circumstances, that amount represented a significant financial windfall and a powerful incentive to continue participating in the scheme.

## II. The Plea Agreement and the U.S. Sentencing Guidelines

Pursuant to her plea agreement, Ms. Lee waived the right to be indicted and consented to the filing of an information charging her with Laundering of Monetary Instruments, in violation of 18 U.S.C. § 1957. In the plea agreement, the parties agreed to an Offense Level of 20, and that it would be the defendant's burden to prove she was eligible for a reduction from this level pursuant to Section 4C1.1 as a zero-point offender. If the Court determines that such a reduction is applicable, based on an Offense Level of 18 and a Criminal History Category of I, the recommended sentencing range under the Guidelines would be 27 to 33 months. The defendant also agreed to forfeiture, as outlined in the plea agreement.

## III. The Factors Set Forth in 18 U.S.C. § 3553(a)

Title 18, United States Code § 3553(a) sets forth the factors that the Court must consider when fashioning the appropriate sentence for a defendant.

### A. The Nature and Circumstances of the Offenses and the Need for the Sentence to Reflect the Seriousness of the Offense

The nature and scope of Lyons' conduct underscore the seriousness of this offense. Over a period exceeding three years, she laundered more than $2.3 million in criminal proceeds and personally benefited by approximately $250,000. The duration of the conduct, the substantial

amount of money involved, and the significant personal profit distinguish this case from one involving a single transaction or brief participation in criminal activity.

Although there is no evidence that Ms. Lyons participated directly in the underlying fraud scheme or possessed detailed knowledge of its mechanics, that fact does not meaningfully diminish her culpability. Money laundering is a critical component of fraud schemes because it enables offenders to move, conceal, and ultimately enjoy the proceeds of their unlawful conduct. Without individuals willing to receive, transfer, and disguise illicit proceeds, fraud schemes become significantly more difficult to execute and sustain.

The Court's sentence should therefore reflect not only the substantial amount of money Ms. Lyons laundered, but also the essential role her conduct played in facilitating the underlying fraud.

**B. The Need to Promote Respect for the Law and to Deter the Defendant and Others from This Type of Criminal Conduct**

The need for both specific and general deterrence is particularly strong in this case. Ms. Lyons repeatedly engaged in conduct that would have alerted any reasonable person that she was assisting criminal activity. Yet she continued to do so for years because she profited from it.

A Guidelines sentence will promote respect for the law and send a clear message that individuals who choose to profit from laundering criminal proceeds will face significant consequences. Such a sentence is especially important in cases like this one, where fraud schemes depend on willing participants to receive and transfer illicit funds.

**C. The History and Characteristics of the Defendant**

The Government recognizes that Ms. Lyons has personal characteristics and life experiences that the Court may properly consider. At the same time, her educational and employment history demonstrate that she possessed the experience and judgment necessary to recognize that her conduct was unlawful. The repeated receipt of large checks falsely labeled as

"mortgage payments," followed by instructions to transfer funds, cryptocurrency, and goods to third parties, would have alerted any reasonable person to the criminal nature of the activity.

## CONCLUSION

Based on all of the relevant factors, the Government submits that the Court should impose a sentence within the applicable Guidelines range.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *David B. Deitch*
DAVID B. DEITCH
D.C. Bar No. 426218
Assistant United States Attorney
Fraud, Public Corruption,
and Civil Rights Section
601 D Street, NW, Room 5.238
Washington, DC 20530
(202) 252-7796
david.deitch@usdoj.gov